Dissenting opinion filed by Circuit Judge NEWMAN.
PROST, Chief Judge. ■
This appeal arises from the examination of a number of claims of U.S. Patent Application No. 08/737,141 (“141 application”). The examiner rejected all pending claims as obvious and the United States Patent and Trademark Office, Patent Trial and Appeal Board (“Board”) affirmed all of those rejections. Appellant Constantin Efthymiopoulos (“Efthymiopoulos”) then requested rehearing, which the Board denied. For the following reasons, we affirm the Board’s decision.
Background
The 141 application relates to methods of treating or preventing influenza by administering the drug zanamivir[1] by oral inhalation.' On appeal, Efthymiopoulos challenges the rejection of claims 14-30, 32, 34-38, and 43-65. Independent claim 14 is representative:
14. A method for treating a human suffering from an infection by an influenza virus, wherein the method comprises administering to the human an effective amount of [zanamivir], wherein the [za-namivir] is administered by inhalation through the mouth alone.
J.A. 1697.
The examiner rejected the pending claims as obvious over Australian Patent No. AU-A1-27242/92 (“Von Itzstein II”), in view of WIPO Publication WO 91/16320 *1377 (“Von Itzstein I”) and a number of other references. Like the 141 application, Von Itzstein I discloses that zanamivir can be administered to treat and prevent infections by the influenza virus. Von Itzstein I only discloses ■intranasal administration (and not oral inhalation) of zanamivir. Von Itzstein II discloses the administration of a compound similar to zanamivir by “inhalation” for the treatment and prevention of influenza. The examiner concluded that Von Itzstein II disclosed all of the limitations of the challenged claims except that it did not teach zanamivir specifically and did not expressly teach inhalation only by mouth of its compounds. The examiner found, however, that Von Itzstein I taught zanamivir and suggested administering that compound to the respiratory tract to treat or prevent influenza. The examiner further determined that zanamivir and the compound disclosed in Von Itzstein II are “adjacent homologues” (meaning they are part of a series of compounds that differ in structure only by a single substituent) and thus concluded 'that using zanamivir in the method disclosed in Von Itzstein II would have been obvious.
Finally, the examiner noted that, with respect to administration, there are only two possible inhalation methods: through the mouth (oral) or through the nose (nasal). In view of the other prior art references that taught the well-known availability of inhalers, that oral inhalation delivers more drug to the lungs than nasal inhalation, and the fact that influenza infects the lungs, the examiner concluded that treating influenza by oral inhalation of zanami-vir would have been obvious.
The Board agreed with and extensively cited the examiner and affirmed all of the rejections. The Board found that Von Itz-stein II’s disclosure of “inhalation”: for treating influenza with its compounds “is reasonably understood to disclose inhalation by either the nose alone, mouth alone, or both” and thus concluded that Von Itzstein II in view of Von Itzstein I’s disclosure of zanamivir rendered the claims obvious. J.A. 12-13. The Board also considered Efthymiopoulos’s evidence of secondary considerations—namely of unexpected results—but found it to be unpersuasive.
Efthymiopoulos sought rehearing, but the Board denied its request. Efthymiop-oulos then timely appealed the Board’s decision to us. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) (2012).
Discussion
We review the Board’s legal determinations de novo and its underlying factual determinations for substantial evi-dencie. Rambus Inc. v. Rea, 731 F.3d 1248, 1251 (Fed. Cir. 2013). Obviousness is a legal question based on underlying ’ fact findings. In re DBC, 545 F.3d 1373, 1377 (Fed. Cir. 2008).
Efthymiopoulos argues that the Board erred in rejecting the pending claims as obvious. Efthymiopoulos contends that none of the prior art references, alone or in combination, teach administration of za-namivir by inhalation through the mouth. Moreover, Efthymiopoulos says that a person ’of ordinary skill would not have expected that the administration of zanamivir through inhalation by mouth only would be effective. That is because oral inhalation delivers more drugs to the lower respiratory tract, and, at the time of the invention, it was thought that delivery of anti-influenza drugs to the upper respiratory tract was required to be effective. Finally, Efth-ymiopoulos faults the Board for failing to consider its evidence of unexpected results.
We conclude that the Board did not err in its obviousness determination. There is no dispute that Von Itzstein I discloses *1378 the use of zanamivir to treat and prevent influenza. There is also no dispute that Von Itzstein II discloses several pages of different administration methods for an adjacent homologue of zanamivir to achieve the same result—treating or preventing influenza. In particular, Von Itz-stein II expressly discloses administration through “oral,” “nasal,” or other forms “suitable for administration by inhalation,” among other methodologies. The Board’s finding then, that a skilled artisan would be motivated to use zanamivir in the methods disclosed by Von Itzstein II, is supported by substantial evidence.
The Board also agreed with the examiner’s conclusion that Von Itzstein II’s disclosure of administration through “inhalation” includes oral inhalation. That finding is supported by substantial evidence. As the Board noted, “[Ijnhalation can only be carried out via the nose or the mouth. Since Von Itzstein II does not limit its disclosure to nasal inhalation, it is reasonably understood to disclose inhalation by either the nose alone, the mouth alone, or both.” J.A. 12-13.
The Board’s conclusion is further supported by the fact that both Von Itzstein references teach that the compounds may be administered in many forms, including as a dry powder through an inhaler. And, as the Board noted, the state of the art at the time of invention established that dry-powder compositions were often used specifically for oral inhalation.
Efthymiopoulos’s argument that a skilled artisan would not reasonably expect zanamivir to be effective if administered through oral inhalation is also unpersuasive. As the examiner noted, it was known in the art at the time, that, although the influenza virus primarily attacks the upper respiratory tract, certain strains of the virus also attack the lower respiratory tract and that young children in particular were more susceptible to lower respiratory tract infections from the virus. And as the examiner observed, oral inhalation delivers more drugs to the lungs as compared to nasal inhalation. Thus, substantial evidence supports the determination that a skilled artisan would have a reasonable expectation of success in combining the Von Itz-stein references.
Finally, Efthymiopoulos contends that the Board disregarded its evidence of unexpected results, namely the testimony of Dr. Hayden. We disagree. The record shows that the Board thoroughly considered and discussed Dr. Hayden’s declaration in its decision and found that Dr. Hayden’s testimony insufficient to overcome the prima facie case of obviousness. For example, the Board found that a study by Dr. Hayden did not show unexpectedly superior results between oral and intrana-sal inhalation. That finding is supported by substantial evidence. As the Board observed, Dr. Hayden himself conceded that the conclusion of the study he conducted was that “adding intranasal administration of zanamivir did not obviously improve” the results of using oral administration alone for the treatment of influenza. J.A. 1706. Thus, after considering Dr. Hayden’s testimony and the manner in which it was conducted, the Board properly concluded that the claimed method would not necessarily yield an unexpectedly superior result.
Dr. Hayden also cited the Kaiser study which involved preventing influenza and showed that the rate of influenza was “substantially although not statistically significantly reduced” in patients treated with orally inhaled zanamivir compared to those treated with intranasal zanamivir. J.A. 1458. But, as the Board found, the Kaiser study is also unpersuasive because it did not disclose superior results, its findings were admittedly not statistically signifi *1379 cant, and it dealt only with prevention of influenza, while the claims are directed to the treatment of influenza. .
The Board therefore properly considered Efthymiopoulos’s evidence óf unexpected results and simply found it lacking. That finding is supported by substantial evidence. We thus conclude that the Board correctly affirmed the examiner’s rejection of all pending cláims as obvious.
ConclusioN
For the foregoing reasons, we affirm the Board’s decision.
AFFIRMED

. The '141 application uses the chemical name of zanamivir: 5-acetamido-2,3,4,5-tetra-deoxy-4-guanidino-D-glycero-D-galacto-non-2-enopyranosonic acid. For ease of reference, we refer to the compound as zanamivir throughout the opinion.